Battle, J.
 

 Upon one of the grounds of objection taken to the probate of what is propounded as the nuncupative will of Exum Wester, our opinion is so decidedly in favor of the caveators, that it is unnecessary to notice any other. The 11th section of the 119th chapter of the Revised Code enacts as follows: “ No nuncupative will, in anywise, shall be good, where the estate exceeds two hundred dollars, unless proved by two credible witnesses present at the making thereof, and unless they, or some of them, were specially required to bear witness thereto by the testator himself,” &c. In the present case, it is admitted that the estate exceeds two hundred dollars, and the question is whether, when the declaration of the alleged testator is made at one time to one of the witnesses, and at a different time to the other, there can be said to be two witnesses “present at the making thereof,” within the words or spirit of the act. To ns, it seems that it cannot be so. A will cannot be said to be made, until it is completed, and then there must be two witnesses present. Why are two required? Certainly to prevent fraud, imposition or mistake, and to accomplish that purpose, they must be present at the same time, in order that each may be a check upon the other, and that the recollection of one may be aided and corrected by that of the other. Besides, when a declaration of the alleged testator is made in the hearing of one witness, it is certainly not attested as the statute requires, and when the same words are uttered before another witness, it is not the
 
 *97
 
 same declaration, but only a repetition or
 
 quasi
 
 copy of it, and that also is defective in the attestation. Hence it follows, that as neither declaration is made in the presence of two witnesses, it cannot be said that, within the meaning of the statute, it is “ proved by two credible witnesses present at the making thereof.” And this construction is strengthened by what immediately follows,
 
 “
 
 and unless they, or
 
 some of
 
 them, were specially requested to bear witness thereto by the testator himself.”
 

 The main, if not the only, argument in favor of the will, is derived from a supposed analogy to a written will, the subscribing witnesses to which may attest it at different times, and not in the presence of each other. But this argument is fully answered by the counsel for the caveators, when he says thi^t the written instrument, which the witnesses subscribe, is the same identical paper; and he contends that a stronger analo* gy would be furnished, if one copy of a written will was attested by one witness, aud another copy by a second, in which case, no person would pretend that the will was properly attested according to the statute. In support of his argument, the counsel for the caveators has referred us to several cases decided in our sister States, to wit,
 
 Yarnall's
 
 Will, 4 Rawle, 64;
 
 Weedon
 
 v. Bartlett, 6 Mumford, 123, and
 
 Tally
 
 v.
 
 But
 
 terworth, 10 Yerger, 501. From the authority of these cases, the Editor of the second American edition of Jarman on "Wills, has deduced the following proposition, to which we fully assent : “ A nuncupative will cannot be established upon proof by one witness at one time, how the testator desired his property to be disposed of, and upon proof b}r another witness, at a different time, that the testator made the same declaration to him. The requisite number of witnesses must be present at the same time, and tl;e
 
 rogatio testium
 
 must be done at that time.” 1 Jarm. on Wills, 134, in note.
 

 The judgment of the Superior Court pronouncing against the probate of the alleged nuncupative will, is affirmed,
 

 Pbk OmsiAM, Judgment affirmed,